Thank you so much for your opportunity to stand before you. My name is Renee Briggs, but it was Renee Briggs at the time working for SCO. I am an employee at New York City Department of Education. I have been there for over 17 years. I have worked for SCO Company for about three and a half years. So as I stand here before you all, it's on the case of being retaliated against, because as I was working for SCO Company, which is a company that house take care of kids that are underprivileged, kids that are in foster care. And the original allegation was someone made a statement of me doing something to the kids. Never been substantiated, never been checked, never been anything to the fact that I can go back and check the facts. So the complaint has more, I have been back and forth with them since 2015. My complaint has more than sufficient statements, more than requirements that they did something recklessly. Excuse me, I'm a little nervous. I'm sorry. According to SCO Family of Services, the handbook, the compliance office states that it should be an internal investigation before I am terminated. Which this is the case, I was terminated because of an allegation that a child had made. Nothing substantiated. I asked them who said it, when they said it, and where they said it. They were unable to tell me who said anything. So I had to exhaust all my administrative remedies, go into human resources, speaking to Laura Trappiano, Merle King, and they didn't want any part of what I was going through. So I stated all that because the compliance officer was looking to make the determination. Why I should be terminated. They didn't give me that opportunity. As the allegations for retaliation, then I argue that they came by the children house when I was going to the house. They waited for me when I got there. They created a hostile environment. All that being said, I never had the opportunity to hear who made what. I have been on my job, been promoted three times. Never any allegations of children, never was hurt. So where that came from, I'm unsure. So with that being said, I would like so much for the complaint not to be dismissed, for failure to state a claim, because I have proven by shadow of the doubt that the statement that I made and the complaints that I made was true. I spoke to those people directly, and directly they said to me, it was not hearsay. It was a conversation I had with SCO higher ups. Thank you. Thank you. So you've reserved a minute for rebuttal. So we'll hear from the other side, then you can, if you hear something that you disagree with, or if you want to tell us more, you can come back. Thank you. May it please the court. I'm an attorney at Jackson Lewis. My name is Anna Shields. I'm appearing today on behalf of the defendant's appellees. The district court properly dismissed plaintiff appellant's third amended complaint, because the third amended complaint still lacked factual allegations, which would state a plausible claim of retaliation in violation of Title VII or Section 1981. The district court did not reach this decision lightly. Indeed, the third amended complaint that is the subject of this appeal is the plaintiff appellant's fourth attempt to state a claim. After the original- Let me just focus on one possible issue. The initial claim was that she was retaliated against because of a step down due to her mother's illness. Now that is not a Title VII. That is not what she wrote. But it might be a claim under the Family Medical Leave Act. And if it were a claim under that, in a pro se case, shouldn't the district court have focused on that and asked whether she wanted to amend to do that? Now, I know all the other amendments didn't bring something in. But isn't that a possible valid claim? And given that this is pro se, shouldn't that chance be given? No, Your Honor, because there's no allegation in the complaint, nor can one even really be made fairly now, that FMLA leave was at any point denied to the plaintiff as thing one, that any other sick leave was denied to the plaintiff. It's just said as an additional fact that I had something going on with my mother, I had to step down. There's no relationship to that and what plaintiff is really arguing, which becomes apparent today from the statements that were just made, that the real crux of Ms. Briggs' complaint is that she was unhappy with the decision that was made to terminate her at-will employment because she disagreed with the allegations that were made against her. That is not a retaliation claim, whether it's under FMLA, ADA, Title VII, or Section 1981, or anything else. And if this court were to overturn the district court's decision, it would be sending a message, really, to the district courts that no matter how careful you are to ensure that a plaintiff, particularly a pro se plaintiff- Would you say, just, I'm sorry to bring you back a little earlier, but- Sure. Would you say that nothing happened to her as a result of the request to take care of her mother? And I think, as I read it or understood it, she's saying ultimately that was, that's why I was, that was a motivating reason or factor for my suspension and so on. Understand your point, your honor. The problem is there's no fact tying the two together. There's no fact allegation. So had there been, for example, an allegation that after I told HR I needed a FMLA leave or needed to step down, all of a sudden the same person in HR terminates my employment for poor performance. There's something to that effect. It may be different. What's happening here is that plaintiff alleges I had to step down to take care of my mother, and then separately acknowledges that there was an independent allegation made by one of the children who were serviced by SEO Family of Services, formerly St. Christopher Audley, a non-profit organization. Well, one can look at it that way, or one can look at it by saying the district court said, you ain't got nothing about your mother, and so she starts to look for other reasons, one after the other. And that if the district court at the very beginning, instead of saying, you ain't got nothing about your mother, had said, you can't bring your mother's claim under this statute, but you may be able to bring it under another, rather than going, as a pro se will, down lines that were useless, there might have been something that was worthwhile. I don't criticize the district court for what it did down the line, but at the beginning, didn't it, Ms. There's one other additional relevant point, Your Honor, it's a jurisdictional issue, is that that claim was never made to the EEOC. The claim to the EEOC was for Title VII discrimination. And therefore, if it was intended to be an ADA complaint, the district court would not have been able to permit Plaintiff pro se to amend her complaint to include an ADA allegation, because it was never alleged at the EEOC. That's the Butts line of reasoning. Thank you. Thank you. Just to reiterate, the claim to the EEOC at that point in time that was being made was amended. And I did get it back to where it referenced that it was not just for New York State Human Rights Law, but when they amended, I don't remember the exact words, but it was amended for me. And they do have a copy of the amended record of that claim. And I just wanted to also let them know that there was no regards to my mom. And I did inform them that the reason why I had to step down, because she had taken ill, she was in hospice. And at that time, it was just a little bit too much for me, and they didn't care. Thank you so much. Thank you very much. So we're going to reserve decision, and that means that we're going to have a discussion, and you'll have a decision at some point after today. And I thank you, I thank everybody. Thank you for your patience. Thank you. And that concludes today's argument calendar. I'll ask the court and the deputy to adjourn the court. Thank you. Court stands adjourned.